**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

TONI L. MORGAN,

        Plaintiff,

v.                                  CIVIL  ACTION  NO.  3:04-1197

JOANNE BARNHART,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

        This action was referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, who has submitted his proposed findings of fact and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge's Findings and Recommendation were filed on June 20, 2006, and Plaintiff's objections to the Findings and Recommendation were filed on June 30, 2006.

        The Court has reviewed *de novo* those portions of the Magistrate Judge's Findings and Recommendation to which Plaintiff objects, and finds that Plaintiff's objections lack merit.  For the reasons set forth below, the Court **ADOPTS** the Findings and Recommendation of the Magistrate Judge, **DENIES** Plaintiff's motion for judgment on the pleadings, **GRANTS** Defendant's motion for judgment on the pleadings, and **AFFIRMS** the final decision of the Commissioner.

**I.**      **Standard of Review**

        This Court must "make a *de novo* determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The scope of this Court's review of the Commissioner's decision, however, is

narrow:  This Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing 42 U.S.C. § 405(g) (providing "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (other citation omitted)).  Substantial evidence is "'more than a mere scintilla" of evidence, but only such evidence "as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In conducting this review, this Court must also address whether the Administrative Law Judge (ALJ) analyzed all of the relevant evidence and sufficiently explained his rationale in crediting or discrediting certain evidence. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998); *see, e.g.*, *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding claim for disability benefits because ALJ did not adequately explain why he credited one doctor's views over those of another); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (ALJ must "explicitly indicate[ ] the weight given to all of the relevant evidence"); *see also* 20 C.F.R. § 404.1527(b)-(d). Thus, while an ALJ is entitled to give less weight to an opinion or any portion of the evidence that is not supported by or is inconsistent with the other evidence in the record, such a finding must appear explicitly in the decision. *See* 20 C.F.R. §§ 404.1527(d)(3), (4) and 416.927(d)(3), (4).

It is the duty of the ALJ, however, not the courts, to make findings of fact and credibility determinations and to resolve conflicts in the evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  If, in the face of conflicting evidence, reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision.

-2-

*Craig*, 76 F.3d at 589 (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)).  "The issue before [this Court], therefore, is not whether [Plaintiff] is disabled, but whether the A.L.J.'s finding that . . . [he] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig*, 76 F.3d at 589 (citing *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987)).  Thus, it is necessary for this Court to review the evidence in this case to determine whether substantial evidence exists to support the ALJ's conclusion that Plaintiff is not disabled and that the ALJ properly applied the law.

**II.      Analysis**

Plaintiff protectively filed her application for disability insurance benefits on June 17, 2002, alleging disability commencing July 30, 2001.  Plaintiff claimed that she was disabled due to bulging cervical discs, bone spurs on two lumbar discs, depression, degenerative joint disease, osteoporosis and bad knees.  Plaintiff exhausted her administrative remedies without relief.  On August 8, 2003, a hearing was held before the ALJ at the Plaintiff's request.   At that hearing, Plaintiff was represented by counsel, and provided her testimony.  On January 8, 2004, a supplemental hearing was held before the ALJ, at which  Plaintiff was represented by counsel, and vocational expert testified.  On February 17, 2004, the ALJ issued a decision finding that Plaintiff was not disabled, and denying Plaintiff's application for benefits.  On September 2, 2004, the Appeals Council denied Plaintiff's request for review of the ALJ's decision.  With this denial, the decision of the ALJ became the final decision of the Commissioner.  *See* 20 C.F.R. §§ 404.955(b), 404.981.  On November 8, 2004, Plaintiff filed the instant action, seeking review of the Commissioner's final decision.

The Plaintiff objects to the Magistrate Judge's findings on essentially three grounds.  First,

-3-

Plaintiff objects to the finding that substantial evidence supports the ALJ's conclusion that the Plaintiff's depression was a "non-severe impairment." Second, Plaintiff objects to the Magistrate's finding that the ALJ afforded proper weight to Plaintiff's treating physicians, including their residual functional capacity assessments. Third, Plaintiff objects to the finding that the ALJ did not err in failing to consider all of the Plaintiff's impairments in deciding whether she was totally disabled.

## A.  Finding of Non-Severe Mental Impairment

Plaintiff first argues that the ALJ erred by finding that her depression was not a severe impairment. Plaintiff claims that the "evidence showed that the claimant had been diagnosed with depression and treated with antidepressants by three of her treating physicians..." The Plaintiff cites to *Evans v. Heckler*, 734 F.2d 1012 (4th Cir.) to support her position. The court in *Evans* explained, "an impairment can be considered as 'not severe' only if it is a *slight abnormality* which has a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Id.* at 1014(quoting *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)(emphasis in original).

From the record, it is apparent that the ALJ's finding is supported by substantial evidence. Although Dr. Brenda Dawley, Plaintiff's gynecologist, did note complaints of moodiness, anxiety and depression during various visits in 2002 and early 2003, she did not note any significant problems caused by these symptoms. Dr. Dawley did not refer Plaintiff to a mental health specialist, even though during this same period, Dr. Dawley referred Plaintiff to a dietician and a physical therapist. Throughout 2001-2003, Dr. A. T. Dawson occasionally mentioned complaints of anxiety and/or depression on treatment notes. Dr. Dawson also treated these symptoms with medication.

-4-

However, nothing in the treatment notes indicate any significant problem resulting from these conditions.

In April of 2003, Dr. Bal Bansal noted that Plaintiff had "a history of major depressive disorder," but concluded that her "major depressive disorder mixed with generalized anxiety disorder [] appears to be in good remission at this time." Administrative Record at 371-372. In June of 2003, Dr. Bansal concluded that Plaintiff's psychiatric health is "basically unremarkable other than a mild degree of free floating anxiety." *Id.* at 272. A similar conclusion was made in July 2003. *Id.* at 271. By August 2003, Dr. Bansal noted that her "depression is much better with Wellbutrin." *Id.* at 375. A few weeks later, he once again determined that her psychiatric health was "unremarkable." *Id.* at 376. In October of 2003, Dr. Bansal noted that her "depression has recently gotten somewhat worse," yet her psychiatric examination was once again "basically unremarkable" *Id.* at 378. Just a month later, he commented that her "depression is in good remission at this time." *Id.* at 379. In December of 2003, Plaintiff indicated that she would like to see a counselor to discuss some of the issues that made her depressed at times. *Id.* at 380. It is not clear whether he referred her to a counselor or not. By the end of December, Dr. Bansal noted that her "depression is doing very well." *Id.* at 381.

After reviewing the reports of Plaintiff's treating physicians, this Court cannot conclude that the ALJ erred in finding that Plaintiff's mental impairment is non-severe. Although her treating physicians may have mentioned that Plaintiff complained of anxiety and/or depression, none of those physicians reported any significant problems resulting from these conditions. They also did not recommend a mental health specialist, even though they each referred her to specialists for her other complaints. Dr. Bansal, whose notes provide the fullest details of Plaintiff's mental health

complaints, repeatedly reported that Plaintiff's psychiatric examination as "unremarkable," and as of late 2003, he reported that her depression was doing well. Considering the treating physicians' notes as well as Plaintiff's testimony, including her reported list of daily activities, and the mental status evaluation conducted by Lisa Tate, the evidence provides substantial support for the ALJ's finding that Plaintiff's depression was not significantly limiting, and therefore, did not constitute a "severe" impairment.

**B.      Weight Accorded Treating Doctors' Opinions**

Plaintiff next argues that the ALJ improperly dismissed the opinions and residual functional capacity evaluations of Plaintiff's treating physicians, Drs. Ali Oliashirazi, Dawson and Bansal, for the opinion of one state examiner, Dr. Kip Beard. Plaintiff argues that the opinions of her treating physicians are entitled to "great weight and that the opinion of one examiner for the State Agency was insufficient under the law to disregard the opinions of three treating physicians." Fourth Circuit precedent does not require the court to give the treating physician's opinion controlling weight if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)(citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)). Specifically, the "treating physician's rule" dictates that the court must give the opinion of the treating physician great weight absent persuasive contradictory evidence. *See Craig*, 76 F.3d at 589; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

After reviewing the record, the Court adopts the Magistrate Judge's complete and adequate discussion of the treating doctors' opinions. From the record, it is clear that the ALJ carefully considered the opinions and residual functional capacity evaluations of the three treating physicians

and the one state examiner.  His finding that the treating doctors' assessments were not well-supported and were inconsistent with their own treatment notes and other substantial evidence in the record has substantial support in the record.  The ALJ explicitly and adequately explained why he credited one doctor's views over those of another.  Although the ALJ found Dr. Beard's assessment more reasonable in light of the evidence, he modified Dr. Beard's assessment to reflect Plaintiff's restrictions, as supported by the substantial evidence in the record.

The ALJ declined to give Dr. Bansal's opinion that the plaintiff was "totally disabled," which he stated throughout his treatment notes and on the functional assessment form, controlling weight because of inconsistencies with prior opinions and lack of supporting documentation.  The Court finds the conclusive nature of Dr. Bansal's statement encroached upon the authority of the Commissioner, who is solely responsible for determinating whether the plaintiff meets the statutory definition of disability.  20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1) (1998).  A statement by a medical provider that a claimant is disabled does not mean that the Commissioner must draw the same conclusion.  *Id.*  To hold otherwise would permit disability determinations to rest entirely in the hands of medical providers, abdicating the statutory role of the Commissioner.  Accordingly, the ALJ was not bound by Dr. Bansal's statement, and the Court finds no error in rejecting it.

## C.      Combination of Impairments

The Plaintiff asserts that the ALJ failed to consider the combined effect of her impairments.  There is no evidence in the record to support that assertion.  In addressing his hypotheticals to the vocational expert, the expert was directed to consider all of the claimant's impairments at once, and not each impairment individually.  The ALJ found that, considering all of the impairments together, the Plaintiff was capable of performing work in the economy and was not disabled.

-7-

**III.     Conclusion**

Accordingly, based upon a review of the entire record and the ALJ's decision, the Court finds it is supported by substantial evidence. Therefore, the Court **DENIES** Plaintiff's objections, and **ACCEPTS** and **INCORPORATES** the Findings and Recommendation of the Magistrate Judge, which **DENIES** Plaintiff's motion for judgment on the pleadings, **GRANTS** the like motion of Defendant, and **AFFIRMS** the decision of the Commissioner.

The Court **DIRECTS** the Clerk to send a certified copy of this Written Opinion and Order to Magistrate Judge Taylor, counsel of record, and any unrepresented parties.

ENTER:          August 10, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE